# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| SHANESTA TAITE LEWIS, | : | |
| Petitioner, | : | |
| v. | : | CIVIL ACTION NO. 09-00430-WS-N |
| WARDEN CYNTHIA WHEELER-WHITE, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

This action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. Petitioner, Shanesta Taite Lewis, a state prisoner currently in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to § 2254, challenging the validity of her 2004 conviction in the Circuit Court of Clarke County, Alabama, for first degree robbery, for which she was sentenced to twenty-five years in prison. (Doc. 6 at 2).

Having carefully considered Petitioner's petition, Respondent's answer, and the exhibits filed herein, the undersigned is satisfied that Petitioner's petition is untimely. Therefore, it is recommended that Petitioner's habeas petition be dismissed as time barred and that judgment be entered in favor of Respondent, Cynthia Wheeler-White, and against Petitioner, Shanesta Taite Lewis, pursuant to 28 U.S.C. § 2244(d).

FINDINGS OF FACT AND PROCEEDINGS

The Alabama Court of Criminal Appeals found the facts of this case to be as follows:[1]

> The evidence adduced at trial indicated that James Lamar Baker, II, was living with two friends, Terry and Carolyn Beck, in Thomasville in December 2001. On December 6, 2001, Baker said, he returned home from school for lunch, and when he went upstairs to his bedroom to change clothes, he found "two ladies standing in [his] room." (R. 77.) Baker positively identified the two women in court as the appellant Lewis and codefendant Shantel Leshay Williams. Baker testified that Williams was holding a 12-gauge shotgun and that Lewis was holding a knife. [Footnote omitted]. The women escorted Baker downstairs, put him in a bathroom, and pushed a freezer in front of the bathroom door, after which they left. When Carolyn Beck returned home a short time later, she found Baker in the bathroom, and the police were contacted. The next day, Beck noticed that a pair of earrings she had left on the kitchen counter the day before were missing. In January 2002, Baker saw Lewis at the Huddle House restaurant in Thomasville, recognized her as one of the women who had robbed him, and notified the police. A day or two later, Baker was presented with a stack of some 40 photographs; he identified both Lewis and Williams as the perpetrators of the crime. Both Lewis and Williams testified in their own defense and denied participating in the robbery.

(Doc. 12, att. 1 at 1-2).

On April 13, 2004, Petitioner was tried in the Circuit Court of Clarke County, Alabama, and convicted of first degree robbery. (Doc. 6 at 2). The court sentenced Petitioner to twenty-five years in prison. (Id.).

Petitioner appealed her conviction to the Alabama Court of Criminal Appeals, and the court affirmed Petitioner's conviction on February 18, 2005. (Doc. 12, att. 1). Petitioner did not file an application for rehearing or a petition for a writ of certiorari with the Alabama Supreme

---

[1]AEDPA directs that a presumption of correctness be afforded factual findings of state courts, "which may be rebutted only by clear and convincing evidence." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (citing 28 U.S.C. § 2254(e)(1)). "This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Id. (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

Court. On March 9, 2005, the Alabama Court of Criminal Appeals issued a Certificate of Judgment. (Doc. 12, att. 2).

On April 7, 2005, Petitioner inquired into the status of her appeal and was informed by the Alabama Court of Criminal Appeals that her conviction had been affirmed on February 18, 2005. (Doc. 6 at 12). Petitioner subsequently requested copies of her trial transcript from her trial and appellate attorneys, the trial judge, and the Alabama Bar Association, all to no avail. (Doc. 14 at 1).

On February 17, 2006, Petitioner filed a *pro se* motion to reinstate her appeal with the Alabama Court of Criminal Appeals, which the court granted on February 24, 2006. (Doc. 12, att. 3; Doc. 12, att. 5). However, on March 9, 2006, the court set aside its order reinstating the appeal as having been granted in error. (Doc. 12, att. 5). The court ordered that the certificate of judgment remain in effect as of the date it was originally entered. (Id.).

Five months later, in August, 2006, Petitioner filed a motion for a copy of her trial transcript with the presiding judge of the Clarke County Circuit Court, which the court granted. (Doc. 6 at 12; Doc. 14 at 1). Petitioner received the transcript in August or September, 2006. (Id.).

Approximately two years and nine months later, on June 8, 2009, Petitioner filed a petition for a writ of habeas corpus with the United States District Court for the Middle District of Alabama. (Doc. 4). On July 8, 2009, the court transferred Petitioner's habeas petition to this Court. (Id.).

On July 20, 2009, the Court ordered Petitioner to re-file her petition on the appropriate form, which she did on August 24, 2009. (Docs. 5, 6). In her Answer, Respondent argues that Petitioner's habeas petition should be dismissed as untimely under 28 U.S.C. § 2244(d) and as

procedurally defaulted. (Doc. 12 at 3). On November 23, 2009, the Court ordered Petitioner to show cause why her petition should not be dismissed on the grounds of untimeliness and procedural default. (Doc. 13). Petitioner filed a response on December 23, 2009, acknowledging the untimeliness of her petition and requesting that her untimely filing be excused given the difficulty that she experienced obtaining a copy of her trial transcript. (Doc. 14). The Court will now address that issue.[2]

## DISCUSSION

Title 28 U.S.C. § 2254 governs the authority of the federal courts to consider applications for writs of habeas corpus submitted by state prisoners. Henderson v. Campbell, 353 F.3d 880, 889 (11th Cir. 2003). Section 2254 was amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effective April 24, 1996. Id. at 890. Since Petitioner filed her petition on June 8, 2009, this case is governed by AEDPA.

Pursuant to 28 U.S.C. § 2244(d), as amended, a state prisoner seeking a federal habeas corpus remedy must file his federal petition within one year of the "conclusion of direct review or the expiration of the time for seeking such review." The Act provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] Having found herein that Petitioner's habeas petition is due to be dismissed as untimely, the issue of whether Petitioner's claims are procedurally defaulted is pretermitted.

> (B) the date on which the impediment to filing an
> application created by State action in violation of
> the Constitution or laws of the United States is
> removed, if the applicant was prevented from filing
> by such State action;
>
> (C) the date on which the constitutional right
> asserted was initially recognized by the Supreme
> Court, if the right has been newly recognized by the
> Supreme Court and made retroactively applicable to
> cases on collateral review; or
>
> (D) the date on which the factual predicate of the
> claim or claims presented could have been
> discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State
> post-conviction or other collateral review with respect to the
> pertinent judgment or claim is pending shall not be counted toward
> any period of limitation under this subsection.

28 U.S.C. § 2244(d).

As discussed above, the record shows that the Alabama Court of Criminal Appeals affirmed Petitioner's conviction on February 18, 2005. (Doc. 12, att. 1). Petitioner did not file an application for rehearing or a petition for a writ of certiorari with the Alabama Supreme Court, and, on March 9, 2005, the Alabama Court of Criminal Appeals issued a Certificate of Judgment.[3] (Doc. 12, att. 2). Therefore, March 9, 2005, is "the date on which the judgment

---

[3] The filing of an application for rehearing is a prerequisite for certiorari review by the Alabama Supreme Court. Ala. R. App. P. 40(d)(1) ("In all criminal cases except pretrial appeals by the state, the filing of an application for rehearing in the Alabama Court of Criminal Appeals is a prerequisite to certiorari review by the Alabama Supreme Court.").

became final by the conclusion of direct review or the expiration of the time for seeking such review."[4]  See § 2244(d)(1)(A).

The record does show that Petitioner filed a *pro se* motion to reinstate her direct appeal in the Alabama Court of Criminal Appeals on February 17, 2006, and the court granted the motion on February 24, 2006. (Doc. 12, att. 3; Doc. 12, att. 5). However, on March 9, 2006, the court set aside its February 24, 2006, order as having been erroneously granted and reinstated the original certificate of judgment as of the date it was originally issued.[5]  (Id.). Thus, Petitioner's motion to reinstate her direct appeal did not delay the commencement of the one-year statutory

---

[4] When calculating the timeliness of a habeas petition brought under § 2254, the judgment ordinarily is not considered final until "90 days after entry of judgment in the state court of last resort," allowing credit for the time period during which a petitioner may seek certiorari review in the United States Supreme Court. Jackson v. Secretary for the Dep't of Corrs., 292 F.3d 1347, 1348 (11th Cir. 2002). However, because Petitioner did not file an application for rehearing and a petition for certiorari review by the Alabama Supreme Court, she was not entitled to the additional ninety days for seeking certiorari review in the United States Supreme Court. See Jones v. Albright, 2010 WL 1929765, *7 n.8 (S.D. Ala. 2010) ("Jones did not file a proper certiorari petition seeking direct review of her conviction and sentence in the state court of last resort, that is, the Alabama Supreme Court; therefore, she was not entitled to seek direct review in the United States Supreme Court … and this Court need not add to that final judgment date the 90 days contemplated in Supreme Court Rule 13. 1. . . .").

[5] The Alabama Court of Criminal Appeals held:

> [B]ecause this court has determined that the February 24, 2006, order reinstating this appeal was issued in error, the Court now ORDERS that said order, along with the order recalling the March 9, 2005, certificate of judgment, are hereby set aside and held for naught. . . . [S]aid certificate of judgment remains in effect as of the date it was originally issued."

(Doc. 12, att. 5 at 1).

period; rather, the limitations period commenced on March 9, 2005, and expired on March 9, 2006, long before Petitioner filed her federal habeas petition on June 8, 2009. (Doc. 4).

To save her untimely petition, Petitioner must demonstrate circumstances excusing her untimely filing. As discussed above, § 2244(d)(2) provides for statutory tolling of the habeas limitations period during the time in which a properly filed application for State post-conviction or other collateral review is pending. In this case, however, Petitioner did not file an application for post-conviction or collateral review following the conclusion of her direct appeal.[6] Therefore, Petitioner's untimely habeas petition is not saved by the statutory tolling provision of § 2244(d)(2).

In her response to the Court's show cause order, Petitioner appears to rely on equitable tolling to justify her untimeliness. (Doc. 14). With respect to equitable tolling, the United States Supreme Court recently held in Holland v. Florida, 2010 WL 2346549, *9, __ U.S. __, (June 14, 2010), that the timeliness provision in the federal habeas corpus statute, § 2244(d), "is subject to equitable tolling in appropriate cases." A petitioner is entitled to equitable tolling, however, "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some

---

[6] To the extent that Petitioner would argue that the motion to reinstate her direct appeal tolled the statutory period under § 2244(d)(2), that argument is unavailing. Even if the Court construed Petitioner's motion as a properly filed application for State post-conviction or collateral review that tolled the statutory period during the pendency of the motion from February 17, 2006, to March 23, 2006 (which allows fourteen days to file an application for rehearing from the court's March 9, 2006, order), Petitioner still waited more than three years to file her habeas petition on June 8, 2009, long after the one-year statutory period had expired.

extraordinary circumstance stood in his way' and prevented timely filing." Holland, 2010 WL 2346549 at *12 (citations omitted).

"Equitable tolling is an extraordinary remedy that is typically applied sparingly." Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." Id. (citations omitted).

> A determination as to whether rare and exceptional circumstances are presented requires the examination of the facts in each case. Knight v. Schofield, 292 F.3d 709, 711 (11th Cir. 2002) (per curiam). The focus of the inquiry regarding "extraordinary circumstances" is "on the circumstances surrounding the late filing of the habeas petition" and not on the circumstances of the underlying conviction, Helton v. Secretary for the Dep't of Corr., 259 F.3d 1310, 1314-15 (11th Cir. 2001) (per curiam), and whether the conduct of others prevented the petitioner from timely filing, see Lawrence, 421 F.3d at 1226. [Footnote omitted].

Arthur v. Allen, 452 F.3d 1234, 1253 (11th Cir. 2006).

In her habeas petition and in her response to the Court's show cause order, Petitioner claims that she did not learn that her conviction had been affirmed by the Alabama Court of Criminal Appeals on February 18, 2005, until she called the court on April 7, 2005, and, thereafter, she attempted in vain to obtain a copy of her trial transcript so that she could "go . . . further in [her] case." (Doc. 6 at 12; Doc. 14). According to Petitioner, she contacted her trial attorney, her appellate attorney, the trial judge, and the Alabama State Bar Association, but it was not until she filed a motion with the presiding judge of the Clarke County Circuit Court in August, 2006, that she finally received the transcript in September, 2006. (Doc. 6 at 12; Doc. 14 at 1). The Court accepts as true Petitioner's account of her efforts to obtain a copy of her trial

transcript. However, this explanation for her untimeliness in filing her habeas petition is unpersuasive for several reasons.

First, it was unnecessary for Petitioner to obtain a copy of her trial transcript before filing her federal habeas petition. The law is well settled that a petitioner is not required to submit the state court record when filing a federal habeas petition. See Pliler v. Ford, 542 U.S. 225, 232 (2004).

> The unavailability of documents, the contents of which a petitioner has at least constructive knowledge, does not affect the petitioner's ability to file a federal habeas petition. McCleskey v. Zant, 499 U.S. 467, 500, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991). "[T]here is no requirement that a habeas petitioner enumerate in his petition every fact which supports a ground for relief. Rather, Rule 2(c) of the Rules Governing § 2254 Cases provides that a petitioner need only 'set forth in summary form the facts supporting each of the grounds' specified in the petition. See Donovan v. Maine, 276 F.3d 87, 93 (1st Cir. 2002) (habeas corpus petition need not be pleaded with particularity, so citation to transcript unnecessary); Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992) (prisoner not entitled to transcript before filing § 2254 petition)." Lloyd v. Van Natta, 296 F.3d 630, 633 (7th Cir. 2002), cert. denied 537 U.S. 1121, 123 S. Ct. 856, 154 L. Ed. 2d 802 (2003).

Chambers v. Mosley, 2006 WL 1381855, *4 (M.D. Ala. 2006) (unreported) ("It is likewise clear from the record that nothing prevented Chambers from filing a timely habeas petition and then clarifying the petition once he received the Rule 32 documents from counsel."); Tucker v. Chatman, 2008 WL 822512, *3-4 (M.D. Ga. 2008) (unreported) ("'[e]quitable tolling does not excuse a petitioner's late filing simply because he was unable to obtain a complete trial transcript before he filed his § 2254 petition.'") (citations omitted); see also Powe v. Culliver, 205 Fed.

9

Appx. 729, 734-35 (11th Cir. 2006) (Petitioner failed to show that he could not have filed his Rule 32 petition without his trial transcript; thus, the federal habeas limitations period, which expired before Petitioner filed his Rule 32 petition, was not equitably tolled).

Second, even if the Court assumed that Petitioner's inability to obtain a copy of her trial transcript[7] prevented her from filing a habeas petition before September, 2006, the fact remains that Petitioner waited almost three years *after receiving the transcript* to file her habeas petition on June 8, 2009. Thus, Petitioner's argument provides no justification for her subsequent delay.

Finally, the Court rejects Petitioner's argument that she is entitled to equitable tolling because she did not have the benefit of legal counsel to advise and assist her with filing a timely habeas petition. (Doc. 14 at 2). It is well settled that there is no right to counsel in a habeas proceeding. See Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) ("Attorney miscalculation [of habeas limitations period] is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel") (citing Coleman v. Thompson, 501 U.S. 722, 752, 756 (1991) ("there is no right to counsel in state collateral proceedings after exhaustion of direct appellate review."). Therefore, the "lack of an attorney will not excuse an untimely habeas application." Lovato v. Suthers, 42 Fed. Appx. 400,

---

[7] The Court notes that Petitioner has not alleged conduct by her attorneys of the nature alleged in Holland, 2010 WL 2346549 at *9, *13, in which the Supreme Court recently examined whether an attorney's misconduct was so "serious" that it warranted application of equitable tolling to the habeas limitations period. However, even assuming such misconduct on the part of Petitioner's attorneys in failing to provide her a copy of her trial transcript, equitable tolling of that time period on this basis, or any other, would not save her untimely petition.

402 (10th Cir. 2002) (unpublished) (neither ignorance of the law nor lack of an attorney warrant the application of equitable tolling to the untimely filing of a federal habeas application).

"In order to be entitled to the benefit of equitable tolling, a petitioner must act with diligence, and the untimeliness of the filing must be the result of circumstances beyond his control." Drew v. Department of Corrs., 297 F.3d 1278, 1286-87 (11th Cir. 2002). The facts presented by Petitioner do not evidence extraordinary circumstances beyond her control which made it impossible for her to file her petition for a writ of habeas corpus in a timely manner, nor do they present a sufficient basis upon which to conclude that Petitioner used due diligence in pursuing habeas corpus relief in a timely manner. Therefore, equitable tolling is inapplicable to the present case and does not save Petitioner's untimely filing of her habeas petition.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases (December 1, 2009). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In the instant case, Petitioner's claims do not warrant the issuance of a Certificate of Appealability. Petitioner's claims are time-barred and Petitioner has failed to demonstrate any basis for tolling the limitations period. Therefore, no reasonable jurist could differ on the appropriate disposition of the petition on the record presented. It is thus recommended that the Court deny any request for a Certificate of Appealability. Because Petitioner is not entitled to a Certificate of Appealability, any request for leave to appeal *in forma pauperis* is also due to be denied.[8]

## CONCLUSION

Based on the foregoing, it is the recommendation of the undersigned Magistrate Judge that Petitioner's petition for habeas corpus be dismissed as untimely filed and that judgment be entered in favor of the Respondent, Cynthia Wheeler-White, and against the Petitioner, Shanesta

---

[8] The guidelines for proceeding *in forma pauperis* are set forth in 28 U.S.C. § 1915. An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); see Fed. R. App. P. 24(a)(3)(A); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000) (concluding that "good faith" is "an objective concept" and that "not taken in good faith" is "a synonym for frivolous"); DeSantis v. United Techs, Corp., 15 F. Supp. 2d 1285, 1288-89 (M.D. Fla. 1998) (stating that good faith "must be judged by an objective, not a subjective, standard" and that an appellant "demonstrates good faith when he seeks appellate review of any issue that is not frivolous"). An appeal filed *in forma pauperis* is frivolous if it appears that the appellant "has little or no chance of success," meaning that the "factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). For the reasons previously stated in addressing the Certificate of Appealability, the undersigned concludes that an appeal in this case would be without merit and would not be taken in objective good faith. Thus, Petitioner is neither entitled to a Certificate of Appealability nor to appeal *in forma pauperis*.

Taite Lewis. It is further recommended that any motion for a Certificate of Appealability or for permission to appeal *in forma pauperis* be denied.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 1st day of July, 2010.

                                         /s/ Katherine P. Nelson
                                         **KATHERINE P. NELSON**
                                         **UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[9] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable Where Proceedings Tape Recorded)**. Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[9] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed. R. Civ. P. 72(b)(2).